| | |
|---|---|
| OLGA GOMEZ MEJIA, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | GENERAL JURISDICTION DIVISION |
| COSTCO WHOLESALE., | CASE NO.: |
| Defendant. _____/ | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**COMES NOW**, the Plaintiff, OLGA GOMEZ MEJIA, by and through the undersigned attorney, and files this complaint against the Defendants, COSTCO WHOLESALE CORPORATION, a Washington for-profit corporation, and further states:

## PARTIES, JURISDICTION, & VENUE

1. This is an action for damages in excess of $15,000.00, and this matter is otherwise within the jurisdiction of this court.

2. Plaintiff, OLGA GOMEZ MEJIA ("Plaintiff"), is, and was at all relevant times hereto, a resident of Miami-Dade County, Florida.

3. At all relevant times material hereto, Defendant, COSTCO WHOLESALE CORPORATION, ("COSTCO"), a Washington for-profit corporation, was authorized to conduct and/or transact business within the State of Florida with registered agents in Plantation, Florida. COSTCO managed, maintained, controlled, and/or operated a retail store located in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County, Florida because the alleged negligent and tortious conduct occurred in Miami-Dade County.

## GENERAL ALLEGATIONS

5. On or about November 17, 2019, the Plaintiff was a business invitee of COSTCO, located at 16580 NW 59th Avenue, Hialeah, Florida 33014.

6. Plaintiff was walking through a toy aisle looking at the toys on display when she tripped over a toy piano mat that was left unattended on the floor.

7. COSTCO did not place any warning or advisory signs indicating there may be an obstruction or danger on the floor ahead.

1

8. The existence of the toy piano mat left unattended on the floor created an unreasonably dangerous and unsafe condition.

9. COSTCO owed Plaintiff a non-delegable duty to use reasonable care in the maintenance of said premises.

10. Plaintiff's trip and fall resulted in severe and, permanent injuries, and resulted in substantial medical expenses.

## **COUNT I – NEGLIGENCE OF COSTCO WHOLESALE CORPORATION.**

The Plaintiff re-alleges paragraphs one through eight above, as though fully set forth herein.

11. At all times material, COSTCO, through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to maintain its premises in a reasonably safe condition so as to prevent injury to members of the public; including, and in particular, Plaintiff.

12. At all times material, COSTCO, through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, was negligent and breached its duty of care to Plaintiff by committing the following acts and/or omissions, including, but not limited to:

    a. failing to maintain the subject premises in a reasonably safe condition;

    b. failing to adequately mark, and/or identify dangerous or hazardous conditions which it knew existed, or in the exercise of reasonable care, should have known existed;

    c. failing to repair and/or remedy a dangerous condition;

    d. failing to remedy a dangerous condition which was known by Defendant and/or which in the exercise of reasonable care should have been known by Defendant;

    e. creating a dangerous condition by failing to maintain caution or warn the public of hazardous conditions;

    f. failing to adopt policies, protocols, and procedures to prevent and/or remedy the dangerous condition;

    g. failing to properly hire, fire, retain, supervise and train employees and agents with regards to warning of dangerous conditions, preventing dangerous conditions, and correcting dangerous conditions;

2

    h. failing to properly hire, fire, retain, supervise and train third parties to perform the non-delegable duty of maintaining the property in a reasonably safe condition;

    i. failing to properly hire, fire, retain, supervise and train third parties as it relates to maintaining the property in a reasonably safe condition;

    j. failing to restrict access to the subject area that contained dangerous conditions;

    k. failing to warn Plaintiff of dangerous conditions that existed at the subject premises, that the defendant knew or should have known existed;

    l. failing to correct a dangerous condition it knew or should have known existed; and

    m. additional acts of negligence not yet discovered.

13. The negligent condition was known to COSTO or had existed for a sufficient length of time so that the Defendant, COSTCO should have known of it.

14. As a direct and proximate result of COSTCO's negligence, Plaintiff sustained severe bodily injuries, all of which have caused and will continue to cause physical pain, suffering, disability, disfigurement, mental anguish, inconvenience, and loss of capacity for enjoyment of life, experienced in the past, and/or to be experienced in the future, loss of earnings and/or or earning capacity in the future. In addition, Plaintiff has incurred and will continue to incur medical, rehabilitation, and related expenses.

**WHEREFORE,** Plaintiff respectfully requests that a judgment be entered against Defendant for compensatory damages, costs, pre-judgment interests, and any other relief this honorable court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all counsel of record registered with the e-Filing Portal system: on this 16th day of December, 2020.

    Respectfully Submitted,

    ALEXIS IZQUIERDO, P.A.
    Attorney for Plaintiff
    102 East 49th Street
    Hialeah, FL 33013
    Telephone: (305) 826-9994
    Facsimile: (305) 826-1119
    aizquierdo@izquierdolaw.com

3

vdelpino@izquierdolaw.com
By: __/s/_____
    ALEXIS IZQUIERDO, ESQ.
    FBN: 994634