UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:21-cv-21816-JEM/Becerra

OLGA GOMEZ MEJIA,

    Plaintiff,

v.

COSTCO WHOLESALE,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** came before the Court upon Defendant's Motion to Enforce Settlement. ECF No. [30].[1] Plaintiff did not file any response to the Motion and the time to do so has passed. The Parties appeared for a hearing on this matter on May 17, 2022. ECF No. [37]. Upon due consideration, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

    On December 16, 2020, Plaintiff filed this one-count negligence action in state court. *See* ECF No. [1-3]. On May 13, 2021, Defendant removed the Complaint to this Court. ECF No. [1]. On March 16, 2022, less than two months from the trial date, the Parties filed a Joint Notice of Settlement. ECF No. [28]. Therein, the Parties indicated that counsel was in the process of finalizing the settlement agreement and stipulated dismissal, and requested that the Court retain jusrisdiction to enforce the terms of the settlement. *Id.* at 1. The same day, the District Court entered its Order on Notice of Settlement. ECF No. [29]. The Court instructed as follows:

> The Parties shall file a Stipulation of Dismissal (signed by all parties who have appeared in this action), **which must be filed with the Clerk of the Court**; a proposed Order of Dismissal or Final Judgment; and any other documents

---

[1] Defendant's Motion to Enforce Settlement was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [32].

1

> necessary to conclude this action **on or before 30 days of the date of this Order**. *See Anago Franchising, Inc. v. Shaz , LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). If the Parties fail to comply with this Order, the Court shall dismiss this case without prejudice without any further warning.

*Id.* ¶ 1 (emphasis in original).

The parties failed to comply with the District Court's Order. Instead, on April 22, 2022, Defendant filed the instant Motion to Enforce Settlement. ECF No. [30]. The Motion states that the Parties reached a settlement, which was confirmed via e-mail; that Defendant sent Plaintiff's counsel a release to be signed by Plaintiff; and that Plaintiff declined to sign the release because she allegedly changed her mind. *Id.* at 1–2. Defendant did not submit the purported e-mails in support of its Motion. At the hearing, Defendant conceded that it failed to submit any evidence in support its Motion to Enforce Settlement and failed to cite any authority. Defendant stated, however, that it had since located a case that presented circumstances identical to the ones in this case. *See Hines-Ross v. Wells Fargo Bank, N.A.* No. 13-80279-CIV, 2014 WL 12496769 (S.D. Fla. Mar. 11, 2014), *report and recommendation adopted*, 2014 WL 12496556 (S.D. Fla. May 22, 2014). However, *Hines* does not stand for the proposition that the Court can enforce a settlement agreement without any evidentiary support to determine if there was a meeting of the minds. In *Hines*, the Court determined that an evidentiary hearing was not necessary because the e-mail communications between the Parties, which were submitted to the Court, evidenced their intent "to both enter into and be bound by the settlement agreement." *Id.* at *2. In this case, however, Defendant's did not submit *any* evidence in support of the instant Motion. Although Defendant alluded to certain e-mails in its Motion, no such e-mails were provided for the Court's consideration. Accordingly, because Defendant's Motion fails to establish that there was any settlement in this case, it is hereby **RECOMMENDED** that Defendant's Motion to Enforce Settlement, ECF No. [30], be **DENIED WITHOUT PREJUDICE**.

The undersigned notes that Plaintiff did not file a response to the Motion. Although this alone could be grounds to grant the Motion, the circumstances here do not warrant it. Specifically, on April 22, 2022, one of Plaintiff's attorneys, Carlos O. Gomez, filed a Motion to Withdraw. ECF No. [31]. Mr. Gomez's Motion was subsequently granted by the District Court. ECF No. [33]. On May 4, 2022, Plaintiff's other attorneys, Alexis Izquierdo and Vanessa Del Pino, filed their Motion to Withdraw, which remains pending. ECF No. [35].[2] At the hearing, Ms. Del Pino indicated that she believed Mr. Gomez's motion covered all counsel, and that the failure to include all counsel in the motion was an oversight since Plaintiff had terminated their retention and had contacted another attorney who agreed to represent her in this case. Ms. Del Pino advised that she had explained to her client, who was at the hearing, that if she did not retain another attorney, she could be forced to proceed *pro se*. In short, counsel's failure to respond to the instant Motion was a result of their client's intention to replace them as counsel.

Based on Plaintiff's representation that she has engaged another attorney and that she understood that she would need to proceed *pro se* if another attorney did not make an appearance in this case, the undersginged **RECOMMENDS** that Mr. Izquierdo and Ms. Del Pino's Motion to Withdraw, ECF No. [35], be **GRANTED**.

A party may file written objections, if any, to this Report and Recommendation with the District Court, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The Court addressed the issues at a hearing, and additional time to respond is not necessary. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to

---

[2] Ms. Del Pino has never filed a Notice of Appearance in this case. At the hearing, Ms. Del Pino indicated that she is employed by Mr. Izquierdo's law firm.

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on May 19, 2022.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**